#### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICKY H. PIERCE,** | ) | **CASE NO. 1:20 CV 1090** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **OHIO ATTORNEY GENERAL** | ) | **MEMORANDUM OF OPINION** |
| **DAVID YOST,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Ricky Pierce has filed a fee-paid civil complaint in this matter against Ohio Attorney General David Yost. (Doc. No. 1.) He is resident of Geauga County, who was convicted in 2012 of GSI (Gross Sexual Imposition) in the Geauga County Court of Common Pleas. (*Id*. at 1, ¶ 1.) In his complaint, the Plaintiff challenges the post-release control portion of his sentence in the Geauga County case. He alleges the post-release control portion of his sentence has "caused constitutional laws to be broken by State officials." (*Id*.). Specifically, he contends that in 2019, he was twice unconstitutionally arrested and held without bond by the Ohio Parole board. (*Id.* at 1, ¶¶ 1-2.) The relief he seeks is "termination" of the post-release control portion of his sentence and "assignment of effective assistance of counsel." (*Id.* at 2, Summary and State of Relief, ¶¶ 1, 2.)

The Defendant filed a Motion to Dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing he immune from the Plaintiff's suit under the Eleventh Amendment and that the Plaintiff has failed to allege a cognizable federal claim against him. (Doc. No. 10.)

The Court does not find it necessary to determine the Defendant's Motion to Dismiss because it finds upon its own review that the Plaintiff's complaint must be dismissed.

Federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Plaintiff's complaint is subject to dismissal because he cannot obtain the relief he seeks in a civil rights action. Where a person in state custody challenges the validity of a criminal sentence and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Post- release control in Ohio is part of a judicially imposed sentence, and individuals subject to post-release control are "in custody" for purposes of the *habeas corpus* statute. *See, e.g., In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). Therefore, *habeas corpus* is the exclusive federal remedy by which the Plaintiff may challenge the post-release control portion of his state sentence. He cannot obtain relief by way of a federal civil rights action under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. 475.

Accordingly, to the extent the Plaintiff seeks to challenge the constitutionality of the post-release control portion of his Geauga County sentence in federal court, he must do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and only after he has fully exhausted the remedies available to him in the Ohio courts. A federal court may grant a petition for a writ of *habeas corpus* under § 2254 only on the ground that a person is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that [ . . . ] the applicant has exhausted the remedies available in the courts of the State [ . . . ]." 28 U.S.C. § 2254(a) & (b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*).

## Conclusion

For the foregoing reasons, the Plaintiff's civil rights complaint is dismissed pursuant to the Court's authority established in *Apple. v. Glenn.* In light of this ruling, the Defendant's Motion to Dismiss is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____ July 17, 2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE